CASE 96—ORDINARY—SEPTEMBER 28, 1881.

# Chisholm v. Gooch, &c.

APPEAL FROM LINCOLN COURT OF COMMON PLEAS.

1. The object of sections 641 and 643, Civil Code, is to simplify proceed-
ings under executions, and to prevent circuity of actions.

2. The claimant or purchaser of personal property sold under execution
has his action upon the indemnifying bond executed by the plaintiff,.
or he may sue the officer upon his official bond, if he has made him-
self liable by failing to take good security and return the bond as.
directed in these sections.

J. S. & R. W. HOCKER FOR APPELLANT.

1. The court erred in sustaining the demurrer to the original and amend-
ed petitions.

2. The appellant has a clear right of action under the 641st and 643d
sections of the Civil Code. (Green v. Hackley, 3 Met., 389; Rudy-
v. Johnston, 11 Bush, 546; Anthony v. Wade, 110.)

WELCH & SAUFLEY FOR APPELLEES.

By section 643, Civil Code, the officer escapes responsibility from the
claimant by taking of the bond with good security and returning
it. If either is not performed, the officer is responsible. (Green v.
Hackley, 3 Met., 389; 11 Bush, 546.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment sustaining a general
demurrer to the petition in an action upon an indemnifying
bond by the claimant of property sold under execution.

The objection to the petition is, that it does not show the
indemnifying bond was returned by the officer who took it;
that in consequence of his failure to return the bond, the
officer is himself liable to the claimant of the property sold,.
and being so, the obligor is not.

The object of sections 641 and 643 of the Civil Code
is to simplify proceedings under executions, and prevent.
multiplicity and circuity of actions—not to increase the-

Chisholm v. Gooch, &c.

responsibility of officers or lessen the liability of plaintiffs in execution.

Before the adoption of the Civil Code the officer might, in certain cases, require of the plaintiff in execution an indemnifying bond, but was still liable to be sued by the defendant in execution or claimant of property sold: having, in case of recovery against himself, to look to the plaintiff in execution for indemnity upon his bond.

Now the claimant or purchaser of any property for the seizure or sale of which an indemnifying bond has been taken and returned by the officer, shall be barred of any action against the officer levying on the property, if the surety in the bond was good when it was taken, and such claimant or purchaser may maintain an action upon the bond, and recover such damages as he may be entitled to. But it was not intended that the claimant or purchaser should not have the right of action upon the bond in case the officer made himself liable by failing to return the bond or take good surety. They may still maintain an action against the officer upon his official bond when he has become liable, or against the obligor in the indemnifying bond. There is no reason why the claimant or purchaser may not immediately have an action against the obligor in the indemnifying bond who directed and caused the levy and sale of the property, nor is it inhibited by the Civil Code.

Wherefore, the judgment of the court below sustaining the demurrer to the petition is reversed, and the cause is remanded, with directions to overrule the demurrer, and for other proceedings consistent with this opinion.